UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DOMINIQUE PHILLIPS and THE
WENDLER FAMILY,[1]

                Plaintiffs,

     -against-

UNITED STATES POSTAL SERVICE,
*A/K/A or D/B/A: "United States,"*

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

24-cv-7039 (NRM) (SDE)

**NINA R. MORRISON**, United States District Judge:

This case is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and involves a claim for wrongful death arising from the passing of Plaintiff's spouse in 2019.  Plaintiff Dominique Phillips attributes his wife's death to alleged "daily abuse and [] harassment" she experienced at the hands of "supervisors and postmasters" with whom she worked at the United States Postal Service ("USPS").  Compl. at 2, ¶ 2, ECF No. 1.[2]  Phillips claims that his wife was

---

[1] Plaintiff Phillips is proceeding *pro se*.  *Pro se* parties may not represent other individuals or entities.  *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  By Order dated October 25, 2024, the Hon. Lois Bloom advised Plaintiff Phillips that, if counsel did not appear on behalf of the Wendler family by November 25, 2024, or if a member of the Wendler family did not sign an amended complaint, she would recommend dismissing the claims asserted on behalf of the Wendler family.  ECF No. 8 at 1.  Counsel has not appeared, nor has an amended complaint been filed.  However, because the Court lacks subject matter jurisdiction over the claims asserted in this action, the Court declines to dismiss the claims asserted on behalf of the Wendler family by Phillips, though this is a sufficient alternative ground for such dismissal of those claims.

[2] Page references are to ECF pagination unless otherwise noted.

1

targeted for harassment because she attended settlement conferences before various federal judges in 2017 "to show spousal support" in relation to Phillips's claims that he was wrongfully terminated by his former employer, the Long Island Railroad, and his former union, the United Transportation Union – Local 722.  *Id.* ¶¶ 3–5.

The undersigned previously dismissed another suit, alleging identical underlying facts, brought by Phillips against the USPS for lack of subject matter jurisdiction but gave Phillips leave to amend his complaint to "describ[e] the efforts he made to exhaust his administrative remedies [under the FTCA]."  *Phillips v. United States Postal Serv.*, No. 21-CV-5681 (NRM) (ARL), 2022 WL 17477658, at *4 (E.D.N.Y. Dec. 6, 2022).  The undersigned subsequently dismissed Phillips's amended complaint because it neither "name[d] the United States as a defendant, nor [did] it assert that [Phillips] previously filed a tort claim with the USPS [as required by the FTCA]."  *Phillips v. United States Postal Serv.*, No. 21-CV-5681 (NRM) (ARL), 2023 WL 3007172, at *1 (E.D.N.Y. Apr. 19, 2023), *aff'd*, No. 23-819, 2024 WL 1613897 (2d Cir. Apr. 15, 2024).

Phillips filed the instant suit on October 4, 2024.  *See generally* Compl. Phillips states that his wife "passed away on October 4, 2019."  *Id.* ¶ 7.  Phillips also concedes that he "filed his FTCA claim on April 22, 2023."  *Id.* ¶ 12.  Defendant moves to dismiss the Complaint, Mot. to Dismiss, ECF No. 27, and asserts, *inter alia*, that Phillips failed to timely file an administrative claim with the USPS and, therefore, this Court lacks jurisdiction over Phillip's claim.  Def. Mem. in Supp. of Mot. to Dismiss ("Def. Mem.") 15–20, ECF No. 28.

"The FTCA operates as a limited waiver of sovereign immunity," and one of the FTCA's limitations, among others, is the so-called "presentment" requirement. *Rainwater v. United States*, No. 08-CV-5115 (PKC), 2010 WL 5248585, at *3 (S.D.N.Y. Dec. 15, 2010); *see also Perez-Lopez v. Bialor*, No. 20-CV-02518 (HG) (RML), 2023 WL 2682922, at *5 (E.D.N.Y. Mar. 29, 2023) (discussing this requirement). Federal law provides for a two-year statute of limitations from the time that a tort claim against the federal government accrues for a prospective plaintiff to alert the government of a claim. 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). "Under the FTCA, . . . a wrongful death action accrues upon the date of decedent's death." *Sovulj v. United States*, No. 98-CV-5550 (FB), 2003 WL 21524835, at *2 (E.D.N.Y. July 2, 2003).[3] The

---

[3] It is true that, "under federal law, the limitations period governing a plaintiff's FTCA claims will be equitably tolled so long as defendants' concealment of their wrongdoing prevented plaintiff from becoming aware of, or discovering through the exercise of reasonable diligence, his cause of action." *Sovulj*, 2003 WL 21524835, at *2 (citation modified) (quoting *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998) and citing *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985)); *see also Roque v. United States*, 676 F. Supp. 2d 36, 42 (D. Conn. 2009) (holding that a cause of action for wrongful death under the FTCA did not accrue until the plaintiff learned, more than two years after decedent's death, of acts and omissions by Bureau of Prisons staff that plaintiff alleged amounted to negligence). Here, however, Phillips does not allege any concealment by the USPS that prevented him from discovering his cause of action. To the contrary, Phillips alleges that, "from 2017 to 2019, until the day [his wife] passed away, . . . she confided in [Phillips] . . . [about] the ongoing daily abuse and workplace harassment." Compl. ¶ 2. Assuming Phillip's allegation that his wife's death was "due to the harassment that she endured at USPS from 2017 to 2019," *id.* ¶ 7, is true, as this Court must on a Rule 12(b)(6) motion to dismiss, Phillips was fully aware of both the conduct of USPS employees and his wife's death on October 4, 2019, meaning any wrongful death claim accrued on that date.

presentment requirement is "strict," *Abdalla v. United States*, No. 23-CV-03551 (NRM) (VMS), 2025 WL 327933, at *5 (E.D.N.Y. Jan. 29, 2025), and "[f]ailure to comply with [presentment] results in dismissal of the suit," *Sea Gate Beach Club Corp. v. United States*, 190 F. Supp. 3d 310, 314 (E.D.N.Y. 2016) (second alteration in original) (quoting *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015)). "This procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004).

Phillips acknowledges that he filed his administrative claim past the deadline but asserts he is entitled to equitable tolling. Compl. ¶ 12. Phillips asserts that the COVID-19 pandemic "prevented him from filing his FTCA on time" because "he was [] unable to obtain the FTCA from the Court's website, or from the U.S. Courthouses at the Clerk's Office in Brooklyn, nor Central Islip." *Id.* ¶ 11. Phillips also alludes to "his lack of legal training" as a *pro se* litigant and the fact that he "was unaware that he was required to first file and serve an FTCA tort claim on the USPS before filing his complaint" as reasons for his untimely presentment. Pl. Corrected Reply Br. ("Pl. Mem.") 17, ECF No. 32.

Phillips is correct that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Perez-Lopez*, 2023 WL 2682922, at *6 (quoting *United States v. Wong*, 575 U.S. 402, 420 (2015)). "[A] litigant is entitled to equitable tolling . . . only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

4

prevented timely filing." *Hardie v. United States*, 859 F. App'x 612, 614 (2d Cir. 2021) (summary order) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255, (2016)).  A plaintiff bears the burden of establishing both elements. *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017).  Here, Phillips has failed to identify extraordinary circumstances that prevented his timely filing of his administrative claim with the USPS.

Phillips identifies two reasons for his untimeliness.  First, he cites the COVID-19 pandemic.  *Id.* ¶ 11.  However, "[a] plaintiff must plead more than the existence of the pandemic to show the extraordinary circumstances required for equitable tolling."  *Eisner v. United States*, No. 21-CV-06834 (OEM) (ARL), 2025 WL 638547, at *7 (E.D.N.Y. Feb. 26, 2025) (quoting *Rodriguez v. Hudson Valley Chrysler*, 20-CV-9646 (NSR), 2021 WL 5910173, at *3 (S.D.N.Y. Dec. 14, 2021)).  Phillips has "never actually articulated how the pandemic personally affected [him]," *Jamieson v. United States Postal Serv.*, 20-CV-06184 (NGG) (RML), 2022 WL 43767, at *2 (E.D.N.Y. Jan. 5, 2022), and thus has not demonstrated any kind of causal connection between the purported extraordinary circumstances and his failure to file an administrative claim with the USPS, *Gunn v. Aquafredda*, 19-CV-10039 (CS), 2021 WL 3115488, at *5 (S.D.N.Y. July 21, 2021).

Second, Phillips asserts that, because he "is not an attorney and is representing himself . . . , he should [be] given some leeway regarding the formalities of filing a lawsuit against a federal agency."  Pl. Mem. at 17.  Phillips also argues that he "only learned about the FTCA after receiving [the undersigned's] December

5

6, 2022, Memorandum and Order." *Id.* However, equitable tolling cannot be premised solely on "lack of education, pro se status, or ignorance of the right to bring a claim." *Watson*, 865 F.3d at 133. And Phillips has cited no other exceptional circumstances that would clear the high bar needed for equitable tolling to apply.

In sum, Phillips is not entitled to equitable tolling to render timely his April 22, 2023 administrative claim. Because Phillips has failed to comply with the strict presentment requirement of the FTCA, he has failed to state a claim upon which relief can be granted, and Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted. The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this order to the *pro se* Plaintiff, and to close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    /s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:    January 5, 2026
             Brooklyn, New York

6